JAMES R. NUGENT, complainant,

*v.*

HENRY R. SPINNING, defendant.

**[Decided December 6th, 1926.]**

A comptroller's deed in fee under the Martin act is inoperative as against the owners not served with notice to redeem.

On final hearing.

*Mr. James R. Nugent,* for the complainant.

*Mr. Herbert Boggs,* for the defendant.

BACKES, V. C.

The title to the Newark meadow land sought to be partitioned in this suit was in Calvin Cole, who, in 1804, by deed of gift, recorded in Essex county, conveyed the same to Sally Vance, wife of Edward Vance, for life, remainder to her children. In 1907 the comptroller of Newark conveyed the property to Florence E. Cahill in fee, who purchased it at a sale for taxes under the Martin act, and conveyed it to the defendant Lindsley. The proof shows, and it appears by the deed, that the comptroller's conveyance was delivered upon proof of service of notice to redeem by publication addressed to Sally Vance and Edward Vance, then nearly a century dead. Sally Vance had six children. The complainant, Nugent, holds an undivided interest in the land by conveyance from some of the descendants of Sally Vance's children. The question of jurisdiction raised is decided in *Nugent* v. *Lindsley, 4 N. J. Mis. R. 649.* The invalidity of the deed is disposed of as in *Nugent* v. *Meeker, 4 N. J. Mis. R. 1041.* Lindsley has only a tax lien which may be redeemed. The case will be referred to a master in the manner directed in *Nugent* v. *Lindsley.*